```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

JACQUELINE WALLACE,

    Plaintiff,

v.                                    CIVIL ACTION No. 1:09-0511

COMMUNITY RADIOLOGY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's objection to removal which the court has construed as a motion to remand (doc. #6). For the reasons set forth more fully below, that motion is **DENIED**.

## Factual Background

This civil action was originally filed in the Circuit Court of McDowell County, West Virginia, on March 10, 2009. According to the allegations in the complaint, defendants incorrectly read plaintiff's mammogram and failed to diagnose her with breast cancer.

Defendants removed the case to this court, alleging that diversity jurisdiction existed. In support of their assertion that diversity jurisdiction exists, defendants contend that plaintiff is a West Virginia resident and none of the defendants are West Virginia residents. The complaint does not allege that any of the defendants are West Virginia residents and/or citizens. On the same date defendants filed their notice of

removal, defendant Gary Wright filed a motion to dismiss for lack of personal jurisdiction.

## Analysis

28 U.S.C. § 1441(a), the statute governing the right to remove a case from state to federal court provides in relevant part:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). However, because removal jurisdiction raises significant federalism concerns, the federal courts are directed to strictly construe it. See id.; see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations and quotations omitted). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

### *Diversity of Citizenship*

Section 1332 of Title 28 confers subject matter jurisdiction upon federal courts over civil actions in which "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between citizens of different states."  See also Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).  Since its enactment, the Supreme Court of the United States has interpreted the statute to require "complete diversity" of citizenship.  Strawbridge v. Curtiss, 3 Cranch 267 (1806).

As noted above, defendants argued that removal was proper because plaintiff is a West Virginia resident and none of the defendants are West Virginia residents.  Plaintiff does not contend otherwise.  Rather, in her brief, she centers her argument on the issue of whether Community Radiology and Gary Wright have minimum contacts with the state of West Virginia,[*] an issue not relevant to the remand decision.  Accordingly, because plaintiff does not contend that any of the defendants are citizens of West Virginia for purposes of diversity jurisdiction and because she admits the amount in controversy exceeds $75,000.00, her motion to remand is DENIED.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and to unrepresented parties.

---

[*] The issue is, however, germane to the motion to dismiss filed by defendant Wright.

IT IS SO **ORDERED** this the 7th day of October, 2009.

                          ENTER:

                          David A. Faber
                          Senior United States District Judge