```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        BLUEFIELD
```

**JACQUELINE WALLACE,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION No. 1:09-0511**

**COMMUNITY RADIOLOGY, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Enlargement of Time for Service or Alternate Relief (Document No. 13.), filed on February 23, 2010. For reasons more fully set forth below, the Court **GRANTS** Plaintiff's Motion.

## I. Factual and Procedural Background.

This civil action was originally filed in the Circuit Court of McDowell County, West Virginia, on March 10, 2009, and summonses were issued on that date. (Document No. 1 at Exhibits 1 and 2.) Plaintiff alleges in her Complaint that Defendants incorrectly read her mammogram report and failed to diagnose her with breast cancer. (Document No. 1 at Exhibit 1.) Defendants removed the case to this Court, on the basis of diversity jurisdiction, on May 11, 2009. (Document No. 1.) Plaintiff filed her objections to removal on May 22, 2009, which this Court construed as a Motion to Remand. (Document No. 6.) On June 12, 2009, while her Motion to Remand remained pending, Plaintiff filed in the Circuit Court of McDowell County, her Motion to

Extend Time for Service of Complaint respecting Defendants Stephen Raskin, M.D., and Valery P. Sobczynski, M.D. (Document No. 13 at Exhibit A.) By Memorandum Opinion and Order entered on October 7 and 8, 2009, respectively, this Court denied Plaintiff's Motion to Remand and dismissed Gary W. Wright as a Defendant pursuant to Plaintiff's Motion. (Document Nos. 9 and 10.)

On February 23, 2010, which was 350 days after she filed her Complaint, Plaintiff filed the instant Motion for Enlargement of Time for Service or Alternate Relief. (Document No. 13.) Plaintiff's counsel, Eric M. Francis, avers that he did not request an extension of time prior to the running of the 120 day service period because he was unsure whether this Court had jurisdiction and that he did not want to concede jurisdiction by making such a request. (Id. at 1, n. 4.)

***Dr. Raskin***.

Regarding Dr. Raskin, Plaintiff asserts that he was served with notice of possible litigation pursuant to the West Virginia Medical Malpractice Act on or about February 5, 2009. (Document No. 1 at Exhibit C.) To serve the Complaint and Summons, Plaintiff hired a process server, Robert W. Carter. (Document No. 1 at Exhibit C.) Mr. Carter first attempted to serve Dr. Raskin at his residence, 2000 Leatherwood Lane, Bluefield, Virginia, the same address upon which he previously had served the demand

packet. (Id.) Unable to locate Dr. Raskin's residential address, Mr. Carter next attempted service on him at Bluefield Regional Medical Center, his place of employment. (Id.) On or about April 20, 2009, Mr. Carter telephoned Dr. Raskin at the hospital but was advised by a woman employed in his office that Dr. Raskin would be in Israel until the middle of May. (Id.) Due to hospital policy prohibiting private process servers from effecting service on hospital grounds unless service was connected directly with hospital matters, Mr. Carter was unable to effect service at Dr. Raskin's place of employment. (Id.) Consequently, Mr. Carter waited until Dr. Raskin returned from Israel and on May 15, 2009, he telephoned Dr. Raskin at his office. (Id.) Mr. Carter advised Dr. Raskin that he had a summons for him, that he was unable to locate a residential address for him, and asked where he could meet him to effect service. (Id.) Mr. Carter asserts that Dr. Raskin hung up the phone. (Id.)

    Finally, on June 2, 2009, Mr. Carter delivered the Summons and Complaint to the Mercer County Sheriff's Department, along with a $25.00 fee, and requested that the Sheriff's process server deliver the documents to Dr. Raskin. (Id.) Plaintiff attempted to effectuate service by publication in the Bluefield Daily Telegraph on July 10 and 17, 2009. (Document No. 1, Exhibit D.) Despite Plaintiff's attempts, Dr. Raskin was never served the Summons or Complaint.

***Dr. Sobczynski***.

Plaintiff first attempted to effectuate service of Dr. Sobczynski by sending the Summons and Complaint to the address at which a demand packet was served on or about February 6, 2009. (Document No. 1 at 3 and Exhibit A at 8.) Plaintiff thereafter discovered that Dr. Sobczynski was residing in the state of Tennessee. (Id.) Mr. Francis hired a process server in Tennessee, Mr. Terry Costner, who was unable to effectuate service.[1] (Id.) Plaintiff attempted service by publication in the Citizen Tribune in Morristown, Tennessee, on July 3 and 10, 2009. (Document No. 1 at Exhibit E.) On March 6, 2009, Jace Goins, Esquire, of Steptoe & Johnson, PLLC, notified Mr. Francis via email that he represented Dr. Sobczynski but was not able to accept service of the Complaint on his behalf. (Document No. 1, Exhibit A at 10.)

By Memorandum Opinion and Order entered April 15, 2010, Plaintiff's Motion (Document No. 13.), was referred to United States Magistrate Judge R. Clarke VanDervort for disposition. (Document No. 14.) On May 5, 2010, Plaintiff filed her Supplemental Memorandum in Support of Plaintiff's Pending Motion to Extend Time for Service or Alternate Relief. (Document No. 15.) Plaintiff states that upon receipt of the Court's April 15,

---

[1] Plaintiff states in his Motion that an Affidavit from Mr. Costner is attached. (Document No. 13 at 4.) Plaintiff then states that the Affidavit "will be forthcoming." (*Id.* at 4, n. 8.) The Affidavit however, is not included in any of the Exhibits and has not been submitted to the Court.

2010, Order, Jody M. Offutt, Esquire, Offutt Nord, PLLC, sent a letter to Mr. Francis regarding the claims asserted against Dr. Raskin, together with an affidavit from Dr. Raskin. (Document No. 15 at Exhibit A.) In his Affidavit, Dr. Raskin asserts that his current address is "1320 Triangle Road, Bluefield, Virginia 24605." (Id.) Plaintiff did not attempt to effectuate service on Dr. Raskin upon receipt of his Affidavit. Nevertheless, Mr. Francis asserts that as his Motion relates to Dr. Raskin, he "believes there is enough evidence before the Court that the plaintiff, by counsel, acted in good faith in trying to perfect service, notwithstanding Dr. Raskin and apparently his counsel, had actual notice of the action, and therefore should be made parties to this action under West Virginia and federal law." (Document No. 15 at 1.)

    Magistrate Judge VanDervort held a hearing on Plaintiff's Motion on June 2, 2010. (Document Nos. 16 and 17.) By Order entered September 30, 2010, Magistrate Judge VanDervort denied Plaintiff's Motion and indicated that a Memorandum Opinion detailing the reasons for his decision would be filed by October 11, 2010. (Document No. 19.)  That memorandum opinion was never filed.

    By Order entered August 5, 2011, the Court vacated the Magistrate's Order (Document No. 19.), reinstated Plaintiff's Motion to the active docket of the Court, and directed that

Magistrate Judge VanDervort enter Proposed Findings and Recommendations regarding disposition. (Document No. 26.) However, for reasons appearing to the Court, the referral to Magistrate Judge VanDervort is VACATED.

## **II. Analysis**.

Where service of process occurred prior to removal to federal court, state law controls the question of whether service was proper. Wolfe v. Green, 660 F. Supp.2d 738, 745-46 (S.D.W. Va. 2009). After removal, attempts to serve process are governed by Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 81(c)(1); see also, Bailey v. Chase, 2010 WL 4867963, * 2-3 (S.D.W. Va. 2010). As service on Defendants Drs. Raskin and Sobczynski was attempted both before and after removal, the Court will consider the propriety of service under both federal and state law. Plaintiff bears the burden to establish proper service of process. Wolfe, 660 F.Supp.2d at 750.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant must be served within 120 days after the Complaint is filed.[2] Fed. R. Civ. P. 4(m); see also W. Va. R.

---

[2] Rule 4(e)(1) requires that service upon individuals must be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State[.]" Fed. R. Civ. P. 4(e)(1). Rule 4(e)(2) provides that service may also be accomplished "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling or usual place of abode with some

Civ. P. 4(k). In removed actions, however, the 120-day service period begins to run from the date of removal. See, e.g., Motsinger v. Flynt, 119 F.R.D. 373, 376-77 (M.D.N.C. 1988); see also RDLG, LLC v. RPM Group, LLC, 2010 WL 6594916, *5-6 (W.D.N.C. 2010) and authorities cited therein.

If service is not effected within 120 days, then the Court, on motion or on its own, "must" dismiss the action without prejudice unless the plaintiff shows good cause for the failure.[3] Fed. R. Civ. P. 4(m). In purview of the Advisory Committee Notes to the 1993 amendment to Rule 4, some courts, including this Court, have held that even in the absence of good cause, the court, in its discretion may enlarge the 120 day period for service. See Henderson v. United States, 517 U.S. 654, 658, 116

---

person of suitable age and discretion then residing therein. ..."
West Virginia Rule of Civil Procedure 4(d) provides that service may be accomplished upon individuals as set forth in Federal Rule 4(e)(2) and by "[t]he clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee[.]" W. Va. R. Civ. P. 4(d)(1)(D).

[3]Rule 4(m) of the Federal Rules of Civil Provides in part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

S. Ct. 1638, 1641, 134 L.Ed.2d 880 (1996) (stating in dicta and citing the 1993 Advisory Committee Notes, that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'"); Morgan v. Sebelius, 2010 WL 1404100, *2 (S.D.W. Va. Mar. 31, 2010) ("This Court **FINDS** that it has the discretion to extend the 120-day window for service even if a plaintiff fails to show good cause for the delay."). The 1993 Advisory Committee Note regarding Fed. R. Civ. P. 4(m) states as follows:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequence of an application of this subdivision even if there is no good cause shown.

Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment. Rule 4(m) has not been changed substantively since the 1993 Amendment.

As stated above, Plaintiff filed her Complaint in the Circuit Court of McDowell County on March 10, 2009.  The case was removed on May 11, 2009.  Plaintiff therefore had 120 days from removal in which to effectuate service on the Defendants. Regarding Dr. Raskin, Plaintiff attempted to serve the Summons and Complaint on three separate occasions by delivery of a process server, Mr. Carter.  The attempts were made at Dr. Raskin's then place of employment, Bluefield Regional Medical Center.  Due to hospital policy, Mr. Carter was unable to serve

Dr. Raskin at the hospital. He also was unable to ascertain Dr. Raskin's residential address. Mr. Carter spoke with Dr. Raskin by telephone at the hospital on one occasion, but Dr. Raskin hung up the phone. Mr. Carter subsequently attempted service through the Mercer County Sheriff's Department, and Notice of the suit was published in the Bluefield Daily Telegraph on July 10 and 17, 2009. By Affidavit dated April 7, 2010, Dr. Raskin advised that he was a resident of the Commonwealth of Virginia and disclosed his address as 1320 Triangle Road, Bluefield, Virginia 24605.

    Though Plaintiff attempted to achieve constructive service by certificate of publication from the Bluefield Daily Telegraph, there is no indication that Plaintiff complied with Rule 4(e)(1) of the West Virginia Rules of Civil Procedure. That Rule allows service by publication if the plaintiff files with the court an affidavit indicating that the defendant is a nonresident of the state, or that the plaintiff used due diligence to ascertain the residence or whereabouts of the defendant without effect, or that the process delivered to the sheriff of the county in which the defendant resides was twice delivered and returned without being executed. W.Va. R. Civ. P. 4(e)(1).[4]  The Court finds that

---

[4] West Virginia Rule of Civil Procedure 4(e), addressing constructive service, provides in part:

    (1) Service by Publication. If the plaintiff files with the court an affidavit:
                      * * *
      (B) That the defendant is a nonresident of the State

Plaintiff failed to satisfy the requirements of constructive service.  First, Plaintiff neither sought an Order from this Court for service by publication, nor indicated that such request was made in the Circuit Court of McDowell County.  Second, Plaintiff failed to demonstrate due diligence in ascertaining the residence of Dr. Raskin. Though she hired a process server who was unable to ascertain Dr. Raskin's residential address, the server failed to disclose the means utilized to obtain a correct

---

for whom no agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had; or
    (C) That the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect; or
    (D) That process, delivered to the sheriff of the county in which the defendant resides or is, has twice been delivered to such officer and has been returned without being executed;
\* \* \*
then the clerk shall enter an order of publication against such named and unknown defendants. Every order of publication shall state the title of the action; the object thereof; the name and address of the plaintiff's attorney, if any; that a copy of the complaint may be obtained from the clerk; and that each named and unknown defendant must appear and defend on or before a date set forth in the order, which shall be not fewer than 30 days after the first publication thereof; otherwise, that judgment by default will be rendered against the defendants at any time thereafter. Every such order of publication shall be published once a week for two successive weeks (or for such period as may be prescribed by statute, whichever period is longer) in a newspaper of general circulation in the county wherein such action is pending. Proof of service by publication is made by filing the publisher's certificate of publication with the court.

address. Finally, though Mr. Carter delivered the process to the Sheriff of Mercer County, there is no indication that delivery was attempted on at least two occasions.

Regarding Dr. Sobczynski, the record reveals that Plaintiff hired a process server, Mr. Costner, in the state of Tennessee to facilitate service. Plaintiff failed to submit Mr. Costner's Affidavit, which purported to outline his attempts to effectuate service. The only other attempt of service is an Affidavit of Publication from the Citizen Tribune in Morristown, Tennessee, which indicates that Notice of the instant action was published in the newspaper on July 3 and 10, 2009. For the same reasons stated with respect to Dr. Raskin, the Court finds that Plaintiff has failed to establish constructive service by publication on Dr. Sobczynski.

However, in consideration of the foregoing, the court finds that good cause exists for Plaintiff's failure to effect service within 120 days. First, the record demonstrates that Plaintiff has made repeated efforts to serve both Dr. Raskin and Dr. Sobczynski and that such efforts began almost immediately after filing suit. Although plaintiff did not file her motion to extend the time for service of process in this court until February 23, 2010, she did file the same motion, albeit incorrectly, in state court well before expiration of the 120-day period. After reviewing the record in its entirety, the court

cannot say that plaintiff has not been diligent in her attempt to serve defendants. Although she unwisely ceased her efforts during the pendency of the motion to extend, the record reflects repeated efforts to serve defendants over a period of months. Furthermore, any delay in service from June 2, 2010 forward is attributable to the court.[5]

However, even if good cause did not exist, the court would still exercise its discretion to grant an extension in the absence of good cause. Henderson v. United States, 517 U.S. 654, 658 (1996); see also Giacomo-Tano v. Levine, 1999 WL 976481, *1 (4th Cir. 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (unpublished); Scruggs v. Spartanburg Regional Medical Center, 1999 WL 957698, *2 (4th Cir. 1999) (observing that Henderson is persuasive as to the meaning of Fed. R. Civ. P. 4(m)) (unpublished). The Advisory Committee Note to Rule 4(m) provide that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m),

---

[5] At the conclusion of the hearing on June 2, 2010, Magistrate Judge VanDervort told plaintiff's counsel that he should wait for his ruling prior to undertaking further attempts to serve Dr. Raskin and Dr. Sobczynski. On September 30, 2011, Magistrate Judge VanDervort denied the motion.

Advisory Committee Note, 1993 Amendments; see also Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996). Other factors to consider are whether the defendant had notice of the suit and whether the defendant has been prejudiced. Coleman v. Milwaukee Board of School Directors, 290 F.3d 932, 934 (7th Cir. 2002).

The court finds that consideration of the foregoing factors weighs in favor of granting additional time for service. First, plaintiff will be barred by the statute of limitations from refiling her lawsuit. Second, the record shows that defendants had notice of the lawsuit because they received a demand packet from plaintiff's counsel prior to the filing of the lawsuit or shortly thereafter. For this reason, the court perceives no prejudice to the defendants if this case is allowed to go forward. As the United States Court of Appeal for the Seventh Circuit commented:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . . , most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships. But the cases make clear that the fact that the balance of hardships favors the plaintiff does not require the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by

13

      the rule.  It does not abolish his discretion.  Abuse
      of discretion is a hard standard to overcome. . . .

Id.

### III. Conclusion.

Having found that Plaintiff has established good cause for her failure to effect service within 120 days, the Court hereby **GRANTS** Plaintiff's Motion. (Document No. 13.)  Plaintiff has until **October 31, 2011**, in which to serve the remaining defendants.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 30th day of September, 2011.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge