```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JACQUELINE WALLACE,

    Plaintiff,

v.                                    CIVIL ACTION No. 1:09-0511

COMMUNITY RADIOLOGY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for default judgment. (Doc. No. 46). On June 23, 2014, the court held a hearing on that motion. For the reasons discussed below, that motion is **DENIED**.

In her motion, plaintiff has moved for a default judgment against the Estate of Valery P. Sobzynski, M.D. However, as the court noted during the hearing, the Estate of Valery P. Sobzynski, M.D. is not a party to this civil action. The named defendant is Valery P. Sobzynski, M.D. Specifically, neither plaintiff nor any other party filed a motion to substitute the Estate of Valery P. Sobzynski, M.D. for Valery P. Sobzynski, M.D. who, according to the record, died on January 17, 2011. For this reason, the court cannot enter a default judgment against a nonparty and, accordingly, the motion is denied.

Furthermore, the court must determine whether this action is now time-barred as to Valery P. Sobzynski, M.D. Federal Rule of Civil Procedure 25(a) provides in pertinent part:

> (1) Substitution if the Claim is Not Extinguished.
> If a party dies and the claim is not extinguished,
> the court may order substitution of the proper
> party. A motion for substitution may be made by
> any party of by the decedent's successor or
> representative. If the motion is not made within
> 90 days after service of a statement noting the
> death, the action by or against the decedent must
> be dismissed.

It is not immediately clear whether "service of a statement noting the death" within the meaning of Federal Rule of Civil Procedure 25(a) has been accomplished.[*] For this reason, the parties are hereby permitted, but not required, to file a memorandum, with exhibits if appropriate, regarding whether plaintiff's claims should be dismissed as time-barred as to Valery P. Sobzynski, M.D. Any submissions must be filed no later than **July 25, 2014**,

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

    **IT IS SO ORDERED** this 25th day of June, 2014.

                              ENTER:

                              */s/ David A. Faber*
                              David A. Faber
                              Senior United States District Judge

---

[*] At the hearing, counsel for plaintiff tendered to the court a document which he contended was "a statement noting the death" and that document was admitted as Plaintiff's Exhibit 1.